# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES GULA,<br>　　　　Plaintiff<br><br>　　v.<br><br>MIDLAND CREDIT<br>MANAGEMENT, INC.,<br>　　　　Defendant | Case No.: 3:10-cv-02241-EMK<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## AMENDED COMPLAINT

JAMES GULA ("Plaintiff"), by his attorneys, Craig Thor Kimmel and Kimmel & Silverman, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6. Plaintiff is a natural person residing in Hazleton, Pennsylvania.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with its corporate headquarters located at 8875 Aero Drive, Suite 200, in San Diego, California 92123.

9. Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6), and attempt to collect an alleged debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**PRELIMINARY STATEMENT**

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with

the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses

any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

**FACTUAL ALLEGATIONS**

15. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16. The alleged debt at issue arose out of transactions that were primarily for personal, family or household purposes.

PLAINTIFF'S AMENDED COMPLAINT

17. On or about January 29, 2010, Defendant sent correspondence to Plaintiff seeking and demanding payment for an alleged debt owed to Bank One. See Exhibit A, Defendant's January 29, 2010, letter to Plaintiff.

18. Defendant failed to identify itself as a debt collector in a conspicuous place on the front of its January 29, 2010, correspondence to Plaintiff. See Exhibit A.

19. Instead, Defendant placed it in an inconspicuous place on the back of its correspondence to Plaintiff, with the intent to mask its true identity as a debt collector. See Exhibit A.

20. Defendant's January 29, 2010, correspondence was extremely visually confusing, and had the effect of misleading Plaintiff to the identity and intention of Defendant by obscuring the "please see reverse" notice. See Exhibit A.

21. Defendant's "please see reverse" notice was neither prominent nor did it effectively convey to the least sophisticated consumer that an important notification appeared on the reverse side.

22. Defendant's "please see reverse" notice was placed at the bottom of the page, beneath Defendant's prominent "Pay your bill online and view additional offers," and following Defendant's three payment options.

23. To further mislead and confuse Plaintiff, Defendant's correspondence

- 5 -

PLAINTIFF'S AMENDED COMPLAINT

used three different colors of font, six areas of blue highlighting, four areas of grey highlighting, seven text boxes, eight areas of bold font, four areas of all capital font, italicized font, different sizes of font and underlined font. See Exhibit A.

24. Defendant's demands for payment are highlighted and bolded throughout the correspondence, while the notice to "please see reverse" is buried in an inconspicuous place, and written in an inconspicuous font when compared to the rest of the document, so that Plaintiff would not see the notice. See Exhibit A.

25. Further, in its January 29, 2010, correspondence to Plaintiff, Defendant demanded payment by deceptively claiming that, "special offers are now available to help you resolve your unpaid BANK ONE account." See Exhibit A.

26. Defendant presented Plaintiff three options with regard to the debt, all of which required Plaintiff to make a payment, yet the remittance portion of the correspondence did not give Plaintiff a way to accept any one of the options. See Exhibit A.

27. Adding to the confusing and misleading nature of the correspondence was the fact that Defendant listed an "Oaks, Pennsylvania" address in its letterhead, but seeks Plaintiff to remit payment to an address in "Los Angeles, California," creating confusion for Plaintiff as to whether he was dealing with a Pennsylvania or California company.

PLAINTIFF'S AMENDED COMPLAINT

28. Finally, in its attempts to collect the alleged debt, Defendant made multiple, harassing telephone calls seeking and demanding payment of the alleged debt.

29. Defendant's actions in attempting to collect the alleged debt were harassing and highly deceptive.

30. Defendant's collection letter failed to sufficiently convey the requisite language of §1692e(11) to the least sophisticated consumer.

## CONSTRUCTION OF APPLICABLE LAW

31. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

32. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA)

15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

33. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

34. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated of the FDCPA generally;

    b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt;

    c. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    d. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect any debt;

    e. Defendant violated §1692e(11) of the FDCPA by failing to appropriately disclose in its written communication that the communication is from a debt collector;

    f. Defendant violated §1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt; and

    g. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, JAMES GULA, respectfully pray for a judgment as follows:

    a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

  d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JAMES GULA, demands a jury trial in this case.

          RESPECTFULLY SUBMITTED,

          KIMMEL & SILVERMAN

Date: 03/18/11      By: /s/ Craig Thor Kimmel
          Craig Thor Kimmel
          Attorney ID # 57100
          Kimmel & Silverman, P.C.
          30 E. Butler Pike
          Ambler, PA 19002
          Phone: (215) 540-8888
          Fax: (877) 788-2864
          Email: kimmel@creditlaw.com

- 10 -

PLAINTIFF'S AMENDED COMPLAINT