**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES GULA** | Civil Action No. |
| Plaintiff, | |
| vs. | 3:10-cv-02241-EMK-TMB |
| **MIDLAND CREDIT MANAGEMENT, INC.** | |
| Defendant. | |

**MOTION OF DEFENDANT, MIDLAND CREDIT MANAGEMENT, INC., FOR JUDGMENT ON THE PLEADINGS**

Defendant, Midland Credit Management, Inc. (hereinafter "MCM") hereby moves for a Motion Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), and in support thereof, avers as follows:

1. On October 29, 2010, Plaintiff filed his Complaint in the above-referenced matter alleging that Defendant MCM violated various sections of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (*See* Plaintiff's Complaint, Exhibit "A").

2. On December 29, 2010, MCM filed an Answer to the Complaint which called into question several misstatements of fact in the Complaint. (See Answer to the Complaint, Exhibit "B").

3. Recognizing the material misstatement in the Complaint, Plaintiff filed an Amended Complaint on March 18, 2011 that corrected

the material errors set out in the Complaint.  (See Amended Complaint, Exhibit "C").

4.     On March 28, 2011, MCM filed its Answer to the Amended Complaint.  (See Answer to the Amended Complaint, Exhibit "D").

5.     In the Amended Complaint, Plaintiff attempts to advance several claims under the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. §1692a, et seq., premised on perceived insufficiencies in a January 29, 2010 settlement letter sent by MCM to Plaintiff.  (*See* Amended Complaint, π 18-27, Exhibit "C" and *See* January 29, 2010 Settlement Letter, Exhibit "E").

6.     Plaintiff now claims that MCM violated the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. §1692a, et seq., based on the placement of required disclosures on the reverse side of the letter, notwithstanding the instruction on the first page of the January 29, 2010 letter (the "Letter") directing the reader to "PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION".

7.     Plaintiff also contends that settlement options set out in the Letter were confusing because the Letter did not effectively convey how to accept the options and that the use of an address for payment that is different from the address in the letterhead was also confusing.  *See* π 26-27 of the Amended Complaint, Exhibit "C".

8. Plaintiff further claims that the following language in the Letter, that "special offers are now available to help you resolve your unpaid BANK ONE account", is misleading without providing any insight into how it is misleading.

9. Finally, Plaintiff claims that MCM made "multiple, harassing telephone calls seeking and demanding payment" of the debt", without providing dates and times of such calls or any description of the harassing nature of such calls.  *See* Amended Complaint, π 28, Exhibit "C".

10. Plaintiff claims that the Letter was misleading and deceptive in violation of 15 U.S.C. §§1692e, 1692e(10) and 1692e(11).

11. Plaintiff claims that MCM engaged in harassing behavior in violation of 15 U.S.C. § 1692d.  Presumably, this claim is based on telephone calls with respect to the subject debt that where generally reference in paragraph 28 of the Amended Complaint, Exhibit "C".

12. Plaintiff also assert a redundant claim under §1692f based on the conduct giving rise Plaintiff's claims under §§1692e & 1692d.

13. Under the FDCPA, a debt collector is required to provide certain disclosures to a consumer in written communications that the communication is from a debt collector and the communication is an

attempt to collect a debt and that all information obtained will be used for that purpose. See 15 U.S.C. §1692e(11). [1]

14.   The Letter is not deceptive on its face as it clearly directed Plaintiff to "PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION." See Exhibit "E" and See Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294, 299 (3d Cir. Pa. 2008) (the "least sophisticated consumer standard…does not go so far as to provide solace to the willfully blind or non-observant.  Even the least sophisticated debtor is bound to read collection notices in their entirety"; and see e.g. McStay v. I.C. Sys., 308 F.3d 188, 189 (2d Cir. N.Y. 2002)("SEE REVERSE SIDE FOR IMPORTANT INFORMATION" was held to be appropriate).

15.   While the Third Circuit has made it clear that a plaintiff cannot assert a viable FDCPA claim premised on the plaintiff's failure to read a collection letter in its entirety, Plaintiff attempts to argue against precedence, by claiming that the Letter was "visually confusing" because it contained colored boxes and different fonts to cause a reader to disregard the instruction "SEE REVERSE SIDE FOR IMPORTANT INFORMATION" on the front of the Letter and to turn the Letter over.

---

[1] In fact, in subsequent communications, a debt collector need only state that the communication is from a debt collector.  However, MCM proactively provided the entire disclosure in the Letter.  *See* Exhibit "E" and *See* 15 U.S.C. §1692e(11).

*See* Amended Complaint, π 20, Exhibit "C" and See the Letter, Exhibit "E".

16. Plaintiff contends that the "SEE REVERSE SIDE FOR IMPORTANT INFORMATION" instruction would not convey to the least sophisticated consumer that important information appeared on the reverse side. *See* Amended Complaint, π 21, Exhibit "C".

17. Additionally, Plaintiff contends that the "prominent 'Pay your bill online and view additional offers'", inexplicably obscured the even more prominent directive to SEE REVERSE SIDE FOR IMPORTANT INFORMATION.  *See* Amended Complaint, π 22, Exhibit "C".

18. Essentially, Plaintiff claims that the use of color boxes and fonts prevented Plaintiff from reading the plain language in the Letter in its entirety, including the conspicuous "SEE REVERSE SIDE FOR IMPORTANT INFORMATION".   *See* Amended Complaint, π 20-24 , Exhibit "C".

19. Plaintiff further contends that the settlement offers in Letter are deceptive because the settlement options provide no means of acceptance (except for the Payment Coupon at the bottom of the Letter). *See* Amended Complaint, π 26, Exhibit "C".

20. Additionally, Plaintiff claims that the use of an address for the remittance of payment that is different from the address in the letterhead

of the Letter renders the Letter deceptive.  *See* Amended Complaint, π 27, Exhibit "C".

21.  The Letter effectively provides the requisite 1692e(11) disclosures and the Letter is not deceptive, false or misleading on its face.

22.  Plaintiff has failed to provide the number of calls, the nature of the calls or even the date of the calls from MCM to Plaintiff which Plaintiff generally contends were harassing.  *See* Amended Complaint, π 28, Exhibit "C".

23.  As discussed more fully in the accompany Memorandum of Law, Plaintiff's claims fail as a matter of law.  Therefore, MCM is entitled to Judgment on the Pleadings.

24.  Federal Rule of Civil Procedure 12(c) provides that any party may move for Judgment on the Pleadings after the pleadings are closed but within such time as not to delay the trial. Fed. R. Civ. P. 12(c).

25.  The standard for a motion brought under Fed. R. Civ. P. 12(c) is the same as a motion brought pursuant to Fed. R. Civ. P. 12(b)(6).

26.  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief may be granted.

27. Judgment on the pleadings is appropriate if, accepting all factual allegations as true and drawing all reasonable inferences presented in the pleadings in the light most favorable to plaintiff, no right to relief is plausible. See Lum v. Bank of America, 361 F.3d 217, 233 (3d Cir. 2004).

23. In the present matter, Judgment on the Pleadings is warranted because Plaintiff fails to offer a single credible fact which would give rise to a viable claim against MCM under the FDCPA.

**WHEREFORE**, Defendant Midland Credit Management, Inc. respectfully requests that this Honorable Court enter the Order attached to this Motion and enter judgment in favor of MCM.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.**

By: /s/ Andrew M. Schwartz, Esq.
ANDREW M. SCHWARTZ
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
(215) 575-2765 /(215) 575-0856
amschwartz@mdwcg.com
Attorneys for Defendant
Midland Credit Management, Inc.