**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES GULA** | **Civil Action No.** |
| Plaintiff, | |
| **vs.** | **3:10-cv-02241-EMK-TMB** |
| **MIDLAND CREDIT MANAGEMENT, INC.** | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF MIDLAND CREDIT MANAGEMENT, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

By: Andrew M. Schwartz
**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

# TABLE OF CONTENTS

I.  FACTS AND PROCEDURAL HISTORY ...................................................................1

II.  STANDARD OF REVIEW...................................................................................3

III.  LEGAL ARGUMENTS .......................................................................................5

A.  MCM did not violate 15 U.S.C. §§1692d, 1692e or 1692f as the January 29, 2010 settlement letter effectively conveyed the required FDCPA-compliant notifications pursuant to 15 U.S.C. §1692e(11)...............................................................................................6

B.  MCM did not violate 15 U.S.C. §1692d as its conduct was not harassing...................18

C.  Plaintiff has failed to assert a claim under 15 U.S.C. §1692f ...................................20

D.  Plaintiff's claim that MCM was otherwise deceptive and failed to comply with the provisions of the FDCPA does not allege facts to sustain a claim under the FDCPA.................21

IV.  CONCLUSION ............................................................................................22

## TABLE OF AUTHORITIES

**Cases**

Rodriguez v. Blatt, Hasenmiller, Leibsker & Moore, LLC, 2009 U.S. Dist.
LEXIS 23044 ......................................................................9
Albritton v. Sessoms & Rogers, P.A., 2010 U.S. Dist. LEXIS 78371
(E.D.N.C. Aug. 3, 2010 ...................................................... 16
Aronson v. Commercial Financial Services, 1997 U.S. Dist. Lexis 23534,
*9-10 (W.D. Pa.1997) ........................................................ 10
Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ......... 4
Bell Atl. Corp. v. Twombly, ...................................................... 4
Brown v. Card Serv. Ctr., 464 F.3d 450, 455 (3d Cir. Pa. 2006) ............ 13
Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294, 299 (3d Cir.
Pa. 2008) .................................................................. 17, 18
Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033 (9th Cir. Wash.
2010 ........................................................................... 15
Evory v. RJM Acquisitions Funding L.L.C., 505 F.3d 769, 775 (7th Cir.
2007). ......................................................................... 17
Hahn v. Triumph Partnerships LLC, 557 F.3d 755 (7th Cir. 2009) ........ 15
Hasbrouck v. Arrow Fin. Servs. LLC, 2011 U.S. Dist. LEXIS 53928
(N.D.N.Y May 19, 2011) .................................................... 16
In re Marie J. Belile v. Allied Medical Accounts Control Associated
Bureaus, Inc., 209 B.R. .................................................... 10
King v. Arrow Financial Services, LLC, 2003 U.S. Dist. Lexis 13259,
(E.D. Pa. 2003) .............................................................. 16
Lane v. Fein, Such & Crane, LLP, 2011 U.S. Dist. LEXIS 20982 (E.D.N.Y.
Mar. 3, 2011) ................................................................ 16
Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 399 (6th Cir. 1998)") ...... 17
McStay v. I.C. Systems, Inc., 308 F.3d 188, 192 (2d Cir. 2002) ............. 10
Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009) 15
Osborne v. RJM Acquisitions Funding, LLC, 2010 U.S. Dist. LEXIS
3133432 ....................................................................... 11
Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing
Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d
Cir. 1988). ..................................................................... 3
Shapiro v. Dun & Bradstreet Receivable Mgmt. Servs., 59 Fed. Appx.
406, 409 (2d Cir. N.Y. 2003) ............................................... 10
Sims v. GC Servs. L.P., 445 F.3d 959, 965 (7th  Cir. 2006) ................... 10
Stokes v. Computer Credit, Inc., 2011 .................................... 10

Turbe v. Government of Virgin Island, 938 F.2d 427, 428 (3d Cir. 1991).3
Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007 ......................4
Weber v. Computer Credit, Inc., 259 F.R.D. 33, 38 (E.D.N.Y. 2009) ......10
Wilson v. Quadramed Corp., 225 F.3d 350, 353 n.2 (3d Cir. 2000). ..5, 13
Zemeckis v. Global Credit & Collection Corp., 2011 U.S. Dist. LEXIS
    54169 (N.D. Ill. May 20, 2011)...........................................................11

**Statutes**

§ 1692e.................................................................................................14
§ 1692e)................................................................................................14
§§1692d, 1692e or 1692f......................................................................5
§§1692e or 1692e(10) ...........................................................................16
15 U.S.C. § 1692 ................................................................................5, 14
15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692e(11) ..................................5
15 U.S.C. §1692e..........................................................................passim
15 U.S.C. §1692e(11).....................................................................passim
15 U.S.C. §1692e(11)...............................................................6, 18, 22

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES GULA** | |
| Plaintiff, | **Civil Action No.** |
| **vs.** | **3:10-cv-02241-EMK-TMB** |
| **MIDLAND CREDIT MANAGEMENT, INC.** | |
| Defendant. | |

## BRIEF IN SUPPORT OF DEFENDANT, MIDLAND CREDIT MANAGEMENT, INC. MOTION FOR JUDGMENT ON THE PLEADINGS

AND NOW, comes Defendant, Midland Credit Management, Inc. ("MCM"), by and through its counsel Marshall, Dennehey, Warner, Coleman & Goggin, and files the within Brief in Support of Motion as follows:

## I.    FACTS AND PROCEDURAL HISTORY

On October 29, 2010, Plaintiff commenced this lawsuit by filing a Complaint against MCM alleging MCM violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").   *See* Complaint, Exhibit "A".   After conceding that the Complaint contained material factual errors, including the mistatement that the January 29, 2010 settlement letter was the initial collection letter, Plaintiff filed an Amended Complaint on March 18, 2011.   *See* Amended Complaint, Exhibit "C".   In response, MCM filed an Answer to the Amended

Complaint on March 28, 2011.   See Answer to the Amended Complaint, Exhibit "D".

Plaintiff now alleges that the January 29, 2010 settlement letter (hereafter "the Letter") sent by MCM to Plaintiff violates the FDCPA.   *See* Amended Complaint, Exhibit "C".   In particular, Plaintiff claims that the Letter violated the FDCPA because the required FDCPA disclosures were on the reverse side of the letter and the directive ""PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION" on the first page of the letter was inconspicuous due to its location on the letter and because the letter contained colored boxes.   *See* π 18-24 of the Amended Complaint, Exhibit "C" and see the Letter, Exhibit "E".

Additionally, Plaintiff contends that settlement options set out in the Letter were confusing because the Letter did not effectively convey how to accept the options.   *See* π 26-27 of the Amended Complaint, Exhibit "C" and see the Letter, Exhibit "E".

Finally, Plaintiff puts forth the conclusion that MCM made multiple harassing telephone calls in the course of its collection efforts.   *See* π 28 of the Amended Complaint, Exhibit "C".   However, Plaintiff fails to provide dates and times for such purported communications and, significantly, fails to even offer any facts regarding the harassing nature of the alleged calls.   *Id.*

MCM brings this Motion for Judgment on the Pleadings because, as a clear matter of both fact and law, the Letter effectively provides the required 15 U.S.C. §1692e(11) disclosures to Plaintiff. *See* the Letter, Exhibit "E".   The settlement options contain no ambiguity as to acceptance and the confusion as to whether Plaintiff was "dealing with a Pennsylvania or California company" is immaterial.   *See* π 27 of the Amended Complaint, Exhibit "C".   Finally, MCM seeks dismissal of the claims regarding calls from MCM being harassing as this aspect of the pleadings clearly lacks a degree of requisite sufficiency pursuant to Federal Rule 12b(6) and 12(e).   *See* π 28 of the Amended Complaint, Exhibit "C".

## II.    <u>STANDARD OF REVIEW</u>

MCM moves for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  A Fed. R. Civ. P. 12(c) motion for judgment on the pleadings applies the same standard as under Fed. R. Civ. P. 12(6).  <u>Turbe v. Government of Virgin Island</u>, 938 F.2d 427, 428 (3d Cir. 1991). MCM is required to show that no material issue of fact exists and that it is entitled to judgment as a matter of law. <u>Rosenau v. Unifund Corp.</u>, 539 F.3d 218, 221 (3d Cir. 2008) (citing <u>Jablonski v. Pan Am. World Airways, Inc.</u>, 863 F.2d 289, 290-91 (3d Cir. 1988).

Plaintiff's Amended Complaint still does not, as a matter of law, state a cause of action against MCM.  "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level□ .'" <u>Victaulic Co. v. Tieman</u>, 499 F.3d 227, 234 (3d Cir. 2007) (<u>quoting</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (<u>quoting</u> <u>Twombly</u> 550 U.S. at 570).  To satisfy this plausibility standard, Plaintiff's allegations must show that a defendant's liability is more than "a sheer possibility." <u>Id.</u>  "Where a complaint pleads facts that are 'merely consistent with' a defendant's  liability, it 'stops short of the line between possibility and plausibility of entitlement to relief' <u>Id.</u> (<u>quoting</u> <u>Twombly</u>. 550 U.S. at 557).

In <u>Twombly</u>, the Supreme Court established a "two-pronged approach" which was later formalized in <u>Iqbal</u>. <u>Iqbal</u>, 129 S. Ct. at 1950. Under this approach, the Court first identifies those factual allegations which constitute nothing more than "legal conclusions" or "naked assertions." <u>Twombly</u>, 550 U.S. at 555, 557.  Such allegations are "not entitled to the assumption of truth" and must be disregarded. <u>Iqbal</u>, 129 S. Ct. at 1950.  The court then assesses "the 'nub' of the plaintiff['s]

complaint--the well-pleaded, nonconclusory factual allegation[s] . . .--to determine" whether it states a plausible claim for relief. <u>Iqbal</u>, 129 S. Ct. at 1950.

Interpreting communications and their potential to mislead consumers, as outlined in the FDCPA, is a matter of law for the Court to decide. <u>Wilson v. Quadramed Corp</u>., 225 F.3d 350, 353 n.2 (3d Cir. 2000).

### III.   <u>LEGAL ARGUMENTS</u>

Plaintiff contends that MCM violated 15 U.S.C. § 1692 *et seq.* in its attempts to collect upon Plaintiff's valid and delinquent debt obligation. Specifically, he alleges that MCM violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692e(11), and, redundantly, 1692f.   Judgment on the Pleadings is appropriate as it is clear as a matter of both fact and law that the Letter comports with the FDCPA.  Because Plaintiff is aware that the disclosures on the reverse side of the Letter, in conjunction with the prominent directive on the front of the Letter stating "PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION", do not present a viable claim under the FDCPA, Plaintiff broadly concludes that the settlement options in the Letter are confusing, as is the use of two addresses in the letter (a payment address in Los Angeles, California and a return address in Oaks, Pennsylvania).   Additionally, Plaintiff contends

that the sentence "special offers are now available to help you resolve your unpaid BANK ONE account" is deceptive, but provides no reasoning for this conclusion. *See* π 25 of the Amended Complaint, Exhibit "C" and see the Letter, Exhibit "E". Finally, in the absence of any legitimate claims arising from the context of the Letter, Plaintiff resorts to a generalized statement that MCM made multiple calls to Plaintiff which were harassing.[1]

**A.  MCM did not violate 15 U.S.C. §§1692d, 1692e or 1692f as the January 29, 2010 settlement letter effectively conveyed the required FDCPA-compliant notifications pursuant to 15 U.S.C. §1692e(11).**

1.  The January 29, 2010 Settlement Letter's instruction to PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION on the first page of the Letter effectively advised Plaintiff to turn over the letter and read the important disclosure information on the reverse side and does not violate Sections 1692d, 1692e or 1692f.

Plaintiff now contends that MCM violated the FDCPA because it provided 15 U.S.C. §1692e(11) required disclosures on the reverse side of the Letter. Plaintiff argues that the Letter was visually confusing because it contained grey boxes providing settlement options and blue

---

[1] MCM's records reflect that its last effort to contact Plaintiff by telephone with respect to the subject debt was in December of 2008. Therefore, MCM believes that to the extent Plantiff tries to assert any claim arising from telephone communications, such claims would be time-barred.

boxes providing the benefits of settlement to the debtor.  *See* ¶ 20-24 of the Amended Complaint, Exhibit "C" and see the Letter, Exhibit "E".

Despite the unambiguous language, "PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION", Plaintiff claims that this instruction somehow failed convey to the Plaintiff that "□ an important notification appeared on the reverse side." *See* ¶ 21 of the Amended Complaint, Exhibit "C" and see the Letter, Exhibit "E".  To bolster his argument that this directive did not effectively instruct Plaintiff to read the reverse side of the Letter (i.e. to read the Letter in its entirety), Plaintiff concludes that the colors and fonts utilized in the Letter would render a least sophisticated consumer incapable of understanding the directive "PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION" on the face of the Letter and to follow its instructions.   *See* ¶ 23 & 24 of the Amended Complaint, Exhibit "C" and see the Letter, Exhibit "E".

Plaintiff also contends that the location of the directive "PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION" in the Letter resulted in the effective concealment of this instruction.  While common sense would dictate that an instruction to turn a page over is most effective at the bottom of the page, Plaintiff makes the counterintuitive proposition that the placement of this instruction at the bottom of the Letter obscures its purpose.   At the same time, Plaintiff specifically

7

avoids the obvious, the notice to  "PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION" is in all-capitals.  It is distinct from the body of the Letter, which leads to the only reasonable conclusion that it is conspicuous and appropriate.

However, notwithstanding Plaintiff's efforts to show that colors and boxes in the Letter would lead a least sophisticated consumer to be "willfully blind" to the instruction directing the debtor to the reverse side of the Letter, where the 1692e(11) disclosures are set out, the least sophisticated debtor is bound to read the entire collection letter, including boxes, bold words, italicized words and all-capitalized instructions as a clear matter of law.

The Third Circuit has held that while the "least sophisticated consumer standard" was established "to ease the lot of the naive, the standard does not go so far as to provide solace to the willfully blind or non-observant.  *Even the least sophisticated debtor is bound to read collection notices in their entirety*".  Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294, 299 (3d Cir. Pa. 2008)(emphasis provided).  Indeed, Campuzano imposes conditions on the least sophisticated consumer to read the Letter *in its entirety* to ward off bizarre and idiosyncratic claims (such as the claims in the instant complaint) and to combat  "□ the proclivity of some lawyers to seize on nonmaterial

minutiae in an effort to grasp the brass ring of attorneys' fees that are awardable to successful plaintiffs under the [FDCPA]". <u>Rodriguez v. Blatt, Hasenmiller, Leibsker & Moore, LLC</u>, 2009 U.S. Dist. LEXIS 23044, *10 (N.D. Ill. March 10, 2009).

The fundamental issue embraced by the Third Circuit in <u>Campuzano</u> is that a plaintiff cannot present a viable argument premised on his decision not to read a collection letter in its entirety. Plaintiff cannot advance a claim based on his non-observance or willful blindness as to the content of a collection letter. However, Plaintiff is attempting to do just that in the instant Amended Complaint by concluding that colors, boxes and settlement language excused him from his obligation to read the Letter in its entirety. What is clear is that Plaintiff presents an idiosyncratic and bizarre conclusion that MCM is concealing disclosures on the face of the settlement letter where, as a matter of law, Plaintiff is required to read the entire content of the letter and, as a matter of fact, the Letter conspicuously directs the Plaintiff to read the reverse side for important information.

Plaintiff applies flawed reasoning by arguing that he can maintain claims against MCM based on a non-existent deficiency on the face of the collection letters; that MCM's inclusion of disclosures on the back of the initial collection letter or the subsequent settlement letter renders such

disclosures ineffective.  Plaintiff reached this conclusion by electing to be non-observant and willfully blind, as to the content of the Letter and, as such, judgment should be entered in favor of MCM.

In fact, the courts that have addressed the particular claims asserted by Plaintiff have held that even the least sophisticated consumer would turn a letter over and read the information on the back, especially where a notice on the front of a letter directs the consumer to review the back.  In re Marie J. Belile v. Allied Medical Accounts Control Associated Bureaus, Inc., 209 B.R. 658 (ED BC 1997). *See, e.g.,* Sims v. GC Servs. L.P., 445 F.3d 959, 965 (7th  Cir. 2006); McStay v. I.C. Systems, Inc., 308 F.3d 188, 192 (2d Cir. 2002)(holding that "SEE REVERSE SIDE FOR IMPORTANT INFORMATION" was appropriate- "When a prominent instruction in the body of the letter warns that there is important information on the reverse side, a reasonable reader, even if unsophisticated, would turn the paper over and read the back"); Shapiro v. Dun & Bradstreet Receivable Mgmt. Servs., 59 Fed. Appx. 406, 409 (2d Cir. N.Y. 2003)(same); Weber v. Computer Credit, Inc., 259 F.R.D. 33, 38 (E.D.N.Y. 2009)(same); Stokes v. Computer Credit, Inc., 2011 U.S. Dist. LEXIS 29768, Civil Action. No.10-cv-03103 (DMC)(JAD), (D.N.J. Mar. 22, 2011)(unpub.)(dismissal granted where instruction on the front of a collection letter directed the Plaintiff to the back of the letter for

disclosures);   <u>Zemeckis v. Global Credit & Collection Corp.</u>, 2011 U.S. Dist. LEXIS 54169 (N.D. Ill. May 20, 2011)(the Court dismissed an action where the all-cap instruction "SEE REVERSE SIDE FOR IMPORTANT INFORMATION" at the end of the collection letter (above which it stated "If you would like to make payment directly to Capital One please visit ww.capitalone.com/solutions", where the reverse side provided the disclosures)); <u>Osborne v. RJM Acquisitions Funding, LLC</u>, 2010 U.S. Dist. LEXIS 3133432, *6 (W.D.Ok. December 1, 2010)(holding that a conspicuous notice directing a plaintiff to view the validation language on the back of the same letter satisfies the least-sophisticated-consumer requirement").

In the present matter, the Letter contained "a conspicuous notice" directing the Plaintiff to the back of the letter for important information.[2] The letters state "PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION."  *See* the Letter, Exhibit "E".  As the least-sophisticated consumer is bound to read the collection letter in its entirety, Plaintiff was bound to follow the conspicuous notice, to turn the Letter over, and read the information on the reverse side of the letter.  Thus, Plaintiff cannot sustain a viable argument that a violation of the FDCPA exists because Plaintiff decided not to read the Letter in its entirety.  The notice

_____

[2] Conspicuous ☐"(of a term or clause) clearly visible or obvious".  Black's Law Dictionary, 2d pocket ed., 133 (1996)

directing Plaintiff to see the reverse side of the Letter was neither deceptive nor misleading and unambiguously directed the Plaintiff to the reverse side where the required disclosures appeared.

Because Plaintiff's claims with respect to the effective notice of section 1692e(11) disclosures fail as a matter of both fact and law, Plaintiff attempts to plead equally deficient arguments in an attempt to establish a viable claim against MCM.

**2.   The January 29, 2010 Settlement Letter is not deceptive with respect to the settlement options as it provides a means for acceptance of the options**.

Plaintiff alleges that the settlement options in the Letter are deceptive because they do not provide a means for acceptance. *See* π 26 of the Amended Complaint, Exhibit "C".

Of the three settlement options in the Letter, only two require payment.   *See* Letter, Exhibit "E". Option 1 provides a 40% reduction of the debt in a lump sum payment of $854.48 by February 28, 2010. Option 2 provides a 20% reduction of the debt in 6 monthly payments of $189.88.   Option 3 requires no payment.   *Id.*   The Letter provides a Payment Coupon, addressed to Midland Credit Management, Inc., PO Box 60578, Los Angeles, CA 90060-0578.   *Id.*

Assuming that Plaintiff opted for Option 1, the Payment Coupon would reflect the amount of $854.48.   If Plaintiff elected Option 2, the

Payment Coupon would have the amount $189.88.   *Id.*     A least sophisticated consumer, who chose to take advantage of one of the settlement options in the Letter, would understand that placing the appropriate amount in the Payment Coupon would effectuate acceptance of either option. Plaintiff's conclusion that the MCM provides no means with which Plaintiff could accept either of these two options lacks any basis in fact.

While the Third Circuit has held that a collection letter may be deceptive where "it can be reasonably read to have two or more different meanings, one of which is inaccurate" Brown v. Card Serv. Ctr., 464 F.3d 450, 455 (3d Cir. Pa. 2006), (*quoting* Wilson v. Quadramed Corp., 225 F.3d at 354), here, the Letter cannot be read to have two or more different meanings, one of which is inaccurate.

The Letter means precisely what it states: If Plaintiff selects one of the three options in the settlement letter and makes payments consistent with the terms of the offer, MCM will update Plaintiff's credit reports to reflect the payments.  Upon conclusion of the payments, MCM will notify the credit bureaus that the debt was paid in full.  Additionally, MCM agrees to cease the accrual of interest provided that Plaintiff makes the payments as agreed.  Finally, MCM provides that if Plaintiff elects not to

take advantage of these offers, Plaintiff may contact MCM to set up payment arrangements.  See Letter, Exhibit "E".

Critically, Plaintiff offers no facts in his amended complaint that would show that the content of Letter was subject to different meanings, one of which would be inaccurate.  Rather than offer any facts, Plaintiff simply states that the settlement options were deceptive or misleading because of possible confusion regarding acceptance of any of the offers.  A fair reading of the Letter shows that it has only one meaning and only one purpose ☐ to recover on an undisputed debt obligation owed by Plaintiff by affording Plaintiff with several settlement options or requesting that Plaintiff contact MCM by telephone or on-line to resolve his valid and delinquent debt obligation.  The acceptance of Option 1 or Option 2 would be effectuated by completing the Payment Coupon and remitting the appropriate amount consistent with the selected option.

As a result, Plaintiff cannot state a viable claim under 15 U.S.C. §§1692e or 1692e(10) premised on an idiosyncratic and bizarre interpretation of the Letter.  Therefore, MCM contends that judgment should be entered in favor of MCM as to Plaintiff's claims under 15 U.S.C. §§1692e or 1692e(10).

**3.   The January 29, 2010 settlement letter is not misleading because it has one address in its letterhead and a second address for the remittance of payments in the Payment Coupon.**

Plaintiff alleges that the Letter is misleading because it lists an Oaks, Pennsylvania address in its letterhead, but provides a different address on the Payment Coupon for the purposes of remitting payment. *See* π 27 of the Amended Complaint, Exhibit "C".   Inexplicably, Plaintiff concludes that the use of one address in the letterhead and a different address for the remittance of payments is somehow confusing or misleading in violation of 15 U.S.C. §1692e.   For the purposes of this motion, even if the inclusion of an address in the letterhead and a different address for payment is somehow deceptive, it is not materially deceptive and, therefore, cannot provide the basis for a claim under the FDCPA in general or under 15 U.S.C. §1692e, specifically.

Courts that have addressed the materiality issue, in the context of 15 U.S.C. §1692e, have concluded that a false or misleading statement is not actionable under § 1692e unless it is material.   *See* Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033 (9th Cir. Wash. 2010); Hahn v. Triumph Partnerships LLC, 557 F.3d 755 (7th Cir. 2009) ("Materiality is an ordinary element of any federal claim based on a false or misleading statement. . . . A statement cannot mislead unless it is material, so a false but non-material statement is not actionable); Miller v. Javitch,

Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009) (concluding that a false but non-material statement is not actionable under § 1692e); Hasbrouck v. Arrow Fin. Servs. LLC, 2011 U.S. Dist. LEXIS 53928 (N.D.N.Y May 19, 2011); Lane v. Fein, Such & Crane, LLP, 2011 U.S. Dist. LEXIS 20982 (E.D.N.Y. Mar. 3, 2011); Albritton v. Sessoms & Rogers, P.A., 2010 U.S. Dist. LEXIS 78371 (E.D.N.C. Aug. 3, 2010); *See also* Aronson v. Commercial Financial Services, 1997 U.S. Dist. Lexis 23534, *9-10 (W.D. Pa.1997) (where an error on the face of a collection letters was deemed not to violate the FDCPA because the collector did not attempt to mislead or deceive plaintiff in the letters as the letters did not misrepresent the nature of the debt and contained no deception); King v. Arrow Financial Services, LLC, 2003 U.S. Dist. Lexis 13259, *12 (E.D. Pa. 2003)(non-deceptive error in letter deemed not material).

Here, Plaintiff's claims regarding the use of an address in the letterhead and an address for payment in the Payment Coupon would not reasonably confuse, deceive or mislead a reasonable least sophisticated consumer. However, even if this Court deems that the use of the two addresses for distinct purposes is confusing, it is not material, and is, therefore, not actionable.

**4**.     **The January 29, 2010 Settlement Letter is not deceptive because it provides offers to help the debtor resolve his unpaid balance**.

Finally, Plaintiff contends that the Letter is deceptive because it provides that "special offers are now available to help you resolve your unpaid BANK ONE account."   *See* π 25 of the Amended Complaint, Exhibit "C".  Plaintiff offers no basis as to why this language is deceptive. The settlement options afforded to Plaintiff in the Letter were of limited duration and this sentence is entirely accurate.     *See* <u>Campuzano-Burgos v. Midland Credit Mgmt</u>., 550 F.3d 294, 299 (3d Cir. Pa. 2008)("There is nothing improper about making a settlement offer. <u>Evory v. RJM Acquisitions Funding L.L.C</u>., 505 F.3d 769, 775 (7th Cir. 2007). Forbidding them 'would force honest debt collectors seeking a peaceful resolution of the debt to file suit in order to advance efforts to resolve the debt -- something that is clearly at odds with the language and purpose of the [Act].' <u>Lewis v. ACB Bus. Servs., Inc</u>., 135 F.3d 389, 399 (6th Cir. 1998)").  As Plaintiff provides no explanation or argument as to why this particular sentence is deceptive, dismissal of claims attributed to this sentence is appropriate.

Because the Letter appropriately and effectively conveys the requisite 1692e(11) notices, and provides settlement options in a non-deceptive manner, and because the use of a payment address that is

17

different from the address in the letterhead is not deceptive, false or misleading (materially or otherwise), judgment on the pleadings in favor of MCM is appropriate as to claims under 15 U.S.C. §1692e(11).

**B.     MCM did not violate 15 U.S.C. §1692d as its conduct was not harassing.**

Plaintiff contends that MCM violated 15 U.S.C. §1692d because MCM engaged in harassing conduct in the course of its efforts to recover on Plaintiff's debt obligation.   However, Plaintiff has failed to articulate any facts in his amended complaint that would show that MCM engaged in any conduct which would have the natural consequence of harassing, oppressing or abusing Plaintiff.   MCM's conduct consisted of making calls to Plaintiff in connection with the subject debt until December of 2008 and sending collection letters to Plaintiff, including the Letter presently at issue.

Under 15 U.S.C. §1692d:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

18

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency ☐

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 804 [15 USCS § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.

In his Amended Complaint, Plaintiff simply alleges that "in its attempts to collect the alleged debt, [MCM] made multiple, harassing calls seeking and demanding payment of the alleged debt". *See* π 28 of the Amended Complaint, Exhibit "C".  Despite the fact that the complaint has been amended, Plaintiff once again has failed plead a viable claim of harassment premised on purported telephone calls he claims to have received from MCM.  It is notable that Plaintiff erroneously stated that MCM called Plaintiff on or about June 12, 2010 with respect to the subject debt in his original complaint, but has since corrected this misstatement by removing it in his Amended Complaint.  *See* π 27 of the Complaint, Exhibit "A".  In fact, MCM made no calls within a one-year period of the filing of the Complaint to Plaintiff with respect to the subject debt.  With this knowledge, Plaintiff presents a conclusion, lacking any

19

degree of requisite specificity, that undisclosed calls were purportedly made by MCM and that these calls, for reasons unknown, were harassing.  This conclusion is especially troubling where claims arising from these purportedly violative calls would be time-barred per 15 U.S.C. §1692k(d).   See Jones v. Inv. Retrievers, LLC, 2011 U.S. Dist. LEXIS 44138, 6-7 (M.D. Pa. Apr. 25, 2011)(under the FDCPA, a complaint must be filed "within one year from the date on which the violation occurs").

Significantly, Plaintiff does not offer any facts regarding any conduct by MCM that could be deemed harassing to Plaintiff, including conduct with respect to a telephone call or calls made by MCM in the course of its efforts to recover on Plaintiff's debt obligation.  Therefore, judgment should be entered in favor of MCM with respect to Plaintiff's claims under 15 U.S.C. §1692d.

## C.    Plaintiff has failed to assert a claim under 15 U.S.C. §1692f

Plaintiff offers no facts to support a claim under 15 U.S.C. §1692f, and, instead, merely uses Section 1692f in redundant fashion, contending that conduct alleged in support of claims under Section 1692d and 1692e lends itself to a viable claim under Section 1692f. Section 1692f provides in pertinent part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

Plaintiff's claim of a Section 1692f violation is deficient because it does not identify any misconduct which is distinguished from plaintiff's claims under Sections 1692d and 1692e. See   Shand-Pistilli v. Prof'l Account Servs., 2010 U.S. Dist. LEXIS 75056, 16-17 (E.D. Pa. July 26, 2010)(*quoting* Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)).

Plaintiff offers no facts, which even if deemed true for the purposes of this motion, would lead to the conclusion that MCM engaged in any unfair or unconscionable means to recover on the undisputed debt obligation owed by Plaintiff. Rather than offering any basis for unfair or unconscionable conduct by MCM, Plaintiff merely relies on formulaic labeling in lieu of any factual basis for such claims.   Plaintiff's 1692f claims are simply redundant.

Therefore, judgment in favor of MCM and against Plaintiff is warranted as to Plaintiff's general averment that MCM violated 15 U.S.C. §1692f.

**D. Plaintiff's claim that MCM was otherwise deceptive and failed to comply with the provisions of the FDCPA does not allege facts to sustain a claim under the FDCPA.**

Plaintiff alleges that MCM "acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA".   *See* π 34(g) of the Amended Complaint, Exhibit "C".   Rather than offering any

factual basis for violative conduct, Plaintiff, once again, provides mere labels and conclusions in lieu of any facts.  *See* <u>Bell Atlantic v. Twombly</u>, 127 S. Ct. 1964-65.  Therefore, judgment in favor of MCM and against the Plaintiff is appropriate as to Plaintiff's generalized observations regarding unascertained violations of the FDCPA.

## IV.   <u>CONCLUSION</u>

Plaintiff has wholly failed to aver claims under the FDCPA premised on the January 29, 2010 settlement letter.  In particular, the Letter contains no defect that could be construed as misleading, false or deceptive.  The directive "PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION" effectively directs Plaintiff to see the reverse side for important information □ the required 15 U.S.C. §1692e(11) disclosures. The settlement options are not false, deceptive or misleading on the face of the Letter, and effectively provide Plaintiff with the ability to remit payments consistent with the options.  The use of an address in the letterhead and another for remittance of payments is not false, deceptive or misleading.  Further, Plaintiff's redundant claims under 1692f, which are based on the same facts as Plaintiff's claims under 1692d and 1692e should be dismissed as should Plaintiff's conclusion regarding harassing calls from MCM to Plaintiff.  Finally, Plaintiff's generalized claim of violative conduct warrants dismissal.  Therefore, Judgment on the

Pleadings in favor of Defendant Midland Credit Management, Inc., is warranted and appropriate.

**WHEREFORE**, Defendant, Midland Credit Management, Inc., respectfully requests that this Honorable Court grant its Motion and enter judgment in favor of MCM as to all claims.

Respectfully submitted,

**MARSHALL,DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.**

By:     */s/ Andrew M. Schwartz, Esq.*
ANDREW M. SCHWARTZ, ESQUIRE
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
(215) 575-2765 / (215) 575-0856 (f)
amschwartz@mdwcg.com
Attorneys for Defendant
Midland Credit Management, Inc.