# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES GULA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Civil Action No.** |
| ) | |
| MIDLAND CREDIT ) | **3:10-cv-02241-EMK-TMB** |
| MANAGEMENT, INC., ) | |
| ) | |
| Defendant ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff, JAMES GULA, by counsel, hereby opposes the Motion for Judgment on the Pleadings filed by Defendant, MIDLAND CREDIT MANAGEMENT, INC. For the reasons set forth in the accompanying Brief in Opposition, Plaintiff respectfully requests the Motion for Judgment on the Pleadings be Denied.

1. Admitted.

2. Denied in that Defendant's Answer speaks for itself.

3. Denied in that Plaintiff's Amended Complaint speaks for itself.

4. Admitted.

5. Denied in that Plaintiff's Amended Complaint speaks for itself.

6. Denied in that Plaintiff's Amended Complaint speaks for itself.

7. Denied in that Plaintiff's Amended Complaint speaks for itself.

8.  Denied in that Plaintiff's Amended Complaint speaks for itself.

9.  Denied in that Plaintiff's Amended Complaint speaks for itself.

10. Denied in that Plaintiff's Amended Complaint speaks for itself.

11. Denied in that Plaintiff's Amended Complaint speaks for itself.

12. Denied in that Plaintiff's Amended Complaint speaks for itself.

13. Denied as a fact and as a conclusion of law to which no responsive pleading is required.

14. Denied that the letter is not deceptive on its face.  By way of further answer, Plaintiff avers that Defendant overshadowed the instruction to see the reverse side and unnecessarily placed the §1692e(11) notice on the back of the letter to mislead unsophisticated consumers about the nature of the correspondence, and to coerce them into making payments they may otherwise disregard.  The remainder of this averment states a conclusion of law to which no responsive pleading is required.

15. Denied as a fact and as a conclusion of law.  By way of further answer, Defendant overshadowed the instruction to see the reverse side and unnecessarily placed the §1692e(11) notice on the back of the letter to mislead unsophisticated consumers about the nature of

the correspondence, and to coerce them into making payments they may otherwise disregard.

16. Denied in that the Plaintiff's Amended Complaint speaks for itself.

17. Denied in that the Plaintiff's Amended Complaint speaks for itself.

18. Denied in that the Plaintiff's Amended Complaint speaks for itself.

19. Denied in that the Plaintiff's Amended Complaint speaks for itself.

20. Denied in that the Plaintiff's Amended Complaint speaks for itself.

21. Denied as a fact and as a conclusion of law.  By way of further answer, a prominent and conspicuous notification that a communication is from a debt collector is mandated by §1692e(11) of the Fair Debt Collection Practices Act ("FDCPA").  Further, Courts have also been consistent in their rulings that debt collectors cannot overshadow or eviscerate a consumer's Congressionally granted rights with distracting and confusing communications.  Defendant's letter clearly and intentionally overshadowed the instruction to "see reverse side for important information" with colorful, bold and misleading "payment options", and appears as though it could be a consumer-oriented credit plan, rather than a communication from a debt collector.  Defendant also unnecessarily and deliberately placed its

§1692e(11) notice as the sole text on the back of the letter to mislead unsophisticated consumers about the nature of the correspondence and to lure them to make payments that they would otherwise not make.

22. Denied in that the complaint speaks for itself.

23. Denied as a fact and as a conclusion of law.

24. This averment states a conclusion of law to which no responsive pleading is required.

25. This averment states a conclusion of law to which no responsive pleading is required.

26. This averment states a conclusion of law to which no responsive pleading is required.

27. This averment states a conclusion of law to which no responsive pleading is required.

23. Denied as a fact and as a conclusion of law.

        Respectfully Submitted,

        Kimmel & Silverman, P.C.

Dated: June 20, 2011  By: /s/ Tara L. Patterson_____
         Tara L. Patterson
         30 E. Butler Avenue
         Ambler, PA 19002
         Phone No. (215) 540-8888
         Fax No. (877) 788-2864

         Attorney for Plaintiff