IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES GULA | : | CIVIL ACTION NO. **3:CV-10-2241** |
| | : | |
| | : | Magistrate Judge Blewitt |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| MIDLAND CREDIT MANAGEMENT, INC., | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM**

**I. Background.**

This case was instituted, through counsel, on October 29, 2010, by Plaintiff James Gula under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et. seq.* Named as sole Defendant is Midland Credit Management, Inc. ("MCM").[1] (Doc. 1). Defendant MCM filed its Answer to the Complaint with Affirmative Defenses on December 29, 2010. (Doc. 3). Subsequently, on March 15, 2011, Plaintiff filed a Motion to Amend his Complaint, which was unopposed and granted by the Court. (Docs. 12 and 15). Plaintiff filed his Amended Complaint on March 18, 2011, with an exhibit (Ex. A), again naming as sole Defendant MCM, a national debt collection company with its corporate headquarters in San Diego, California. (Docs. 16, ¶ 8 and Doc. 18, ¶ 8). In his Amended Complaint, Plaintiff raises one claim (Count I) against Defendant MCM, namely, a claim under the FDCPA alleging the Defendant violated several sections of the

---

[1]This Court's jurisdiction over this action is based on federal question, 28 U.S.C. § 1331, pursuant to Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d). *See Lorandeau v. Capital Collection Service,* 2011 WL 4018248, *4 (E.D. Pa. 9-8-11).

Act, namely, §1692d, §1692e, § 1692e(10), §1692e(11),and §1692f.   (Doc. 16, pp. 8-9). Defendant MCM filed its Answer to the Amended Complaint with Affirmative Defenses on March 28, 2011.  (Doc. 18).

Specifically, in his Amended Complaint, Plaintiff avers that Defendant MCM was attempting to collect a consumer debt he owed to Bank One, and that in doing so Defendant violated the FDCPA by the following conduct:

17. On or about January 29, 2010, Defendant sent correspondence to Plaintiff seeking and demanding payment for an alleged debt owed to Bank One. See Exhibit A [Doc. 16], Defendant's January 29, 2010, letter to Plaintiff.

18. Defendant failed to identify itself as a debt collector in a conspicuous place on the front of its January 29, 2010, correspondence to Plaintiff. *See* Exhibit A.

19. Instead, Defendant placed it in an inconspicuous place on the back of its correspondence to Plaintiff, with the intent to mask its true identity as a debt collector. *See* Exhibit A.

20. Defendant's January 29, 2010, correspondence was extremely visually confusing, and had the effect of misleading Plaintiff to the identity and intention of Defendant by obscuring the "please see reverse" notice. *See* Exhibit A.

21. Defendant's "please see reverse" notice was neither prominent nor did it effectively convey to the least sophisticated consumer that an important notification appeared on the reverse side.

22. Defendant's "please see reverse" notice was placed at the bottom of the page, beneath Defendant's prominent "Pay your bill online and view additional offers," and following Defendant's three payment options.

23. To further mislead and confuse Plaintiff, Defendant's correspondence used three different colors of font, six areas of blue highlighting, four areas of grey highlighting, seven text boxes, eight areas of bold font, four areas of all capital font, italicized font, different sizes of font and underlined font. *See* Exhibit A.

24. Defendant's demands for payment are highlighted and bolded throughout the correspondence, while the notice to "please see reverse" is buried in an inconspicuous place, and

written in an inconspicuous font when compared to the rest of the document, so that Plaintiff would not see the notice. *See* Exhibit A.

25. Further, in its January 29, 2010, correspondence to Plaintiff, Defendant demanded payment by deceptively claiming that, "special offers are now available to help you resolve your unpaid BANK ONE account." *See* Exhibit A.

(Doc. 16, ¶'s 17-25, pp. 5-6).[2]

Additionally, Plaintiff avers that the settlement options provided in the January 29, 2010 correspondence were confusing since the correspondence did not effectively convey how to accept the options. (*Id.*, ¶ 26). Plaintiff further avers that the January 29, 2010 Letter was confusing as to whether he was "dealing with a Pennsylvania or California company." (*Id.*, ¶ 27).

Plaintiff also generally alleges that Defendant MCM "made multiple, harassing telephone calls seeking and demanding payment of the alleged debt." (*Id.*, p. 7, ¶ 28). Plaintiff concludes by averring that "Defendant's [January 29, 2010] collection letter failed to sufficiently convey the requisite language of §1692e(11) to the least sophisticated consumer." (*Id.*, ¶ 30).

In his Count I of his Amended Complaint, Plaintiff alleges that Defendant MCM violated the following sections the FDCPA:

> b.  Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt;
>
> c.  Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

---

[2]Plaintiff attached the January 29, 2010 correspondence Defendant MCM sent to him as Exhibit A to his Amended Complaint, Doc. 16.

      d.      Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect any debt;

      e.      Defendant violated §1692e(11) of the FDCPA by failing to appropriately disclose in its written communication that the communication is from a debt collector;

      f.      Defendant violated §1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt; and

      g.      Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

(*Id.*, p. 9, ¶34 b-g).

As relief, Plaintiff seeks actual compensatory damages under §1692k(a)(1), statutory damages of $1000 under §1692k(a)(2)(A), as well as costs and attorney's fees under §1692k(a)(3). (*Id.*, pp. 9-10).

The parties consented to proceed before the undersigned for all matters pursuant to 28 U.S.C. § 636(c). (Doc. 10).

On April 18, 2011, the Court issued a scheduling Order and set a discovery deadline of July 18, 2011, and a dispositive motion deadline of August 29, 2011. (Doc. 21). On June 6, 2011, Defendant MCM filed a Motion for Judgment on the Pleadings and a support brief. (Docs. 24 and 25). Defendant MCM attached as exhibits to its Motion all of the pleadings filed in this case. Plaintiff filed his opposition brief on June 20, 2011. (Doc. 28). On June 28, 2011, Defendant MCM filed its reply brief. (Doc. 30).

On June 29, 2011, the parties jointly filed a Consent Order to Stay Discovery in this case until the Court decided Defendant MCM's Motion for Judgment on the Pleadings. (Doc. 29). The Court approved of the Consent Order and stayed discovery in this case.

Presently pending before this Court is Defendant MCM's Motion for Judgment on the Pleadings. **(Doc. 24)**.

## II. Motion for Judgment on the Pleadings Standard.

In *Faylor v. Szupper*, 2009 WL 2982646, *4 (W. D. Pa.), the Court stated:

> A motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *Mele, supra,* 359 F.3d at 253. Thus, we will view all facts presented in the pleadings in a light most favorable to the non-movant. *Id.* A motion for judgment on the pleadings will not be granted "unless the moving party has established that there is no material issue of fact to resolve, and that [they are] entitled to judgment as a matter of law." *Id.*

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the

> complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

The Court in *Costenbader v. Classic Design Homes, Inc.*, 2010 WL 597456, *3 (M.D. Pa.), also stated:

> To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *See Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993).

## III.  Discussion.

The FDCPA allows a Plaintiff to recover actual damages, attorney's fees and costs, and statutory damages up to $1,000.  *See* §1692k(a).  *Saunders v. Berks Credit & Coll., Inc.*, 2002 WL 1497374, *11 (E.D. Pa. 2002); *F.T.C. v. Check Investors, Inc*. 2007 WL 2505589, *5 (3d Cir. 2007).

The Court in *F.T.C. v. Check Investors, Inc.*, 2007 WL 2505589, *4, stated:

> "The FDCPA was enacted in 1977 as an amendment to the Consumer Credit Protection Act 'to protect consumers from a host of unfair, harassing, and deceptive collection practices without imposing unnecessary restrictions on ethical debt collectors.'" *Staub v. Harris,* 626 F.2d 275, 276-77 (3d Cir.1980) (quoting Consumer Credit Protection Act, S.Rep. No. 95-382, at 1-2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696). "The primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices, including threats of violence, use of obscene language, certain contacts with acquaintances of the consumer, late night phone calls, and simulated legal process." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322, 1324 (7th Cir.1997) (citation omitted). "A basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *Id.* (citation omitted).

The Court in *F.T.C. v. Check Investors, Inc.*, 2007 WL 2505589, *5, also stated:

> "In the most general terms, the FDCPA prohibits a debt collector from using certain enumerated collection methods ... to collect a 'debt' from a consumer. *Bass,* 111 F.3d at 1324. The FDCPA prohibits debt collectors from, *inter alia,* engaging in any conduct "the natural consequence of which is to harass, oppress, or abuse any person," 15 U.S.C. § 1692d; from using "any false, deceptive, or misleading representations or means in connection with the collection of any debt," 15 U.S.C. § 1692e; or from using unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f.

*See also Agosta v. InoVision, Inc.*, 2003 WL 23009357, * 6 (E.D. Pa. 2003).

In *Lorandeau*, the Court stated:

> Congress passed the FDCPA "to eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged ..." 15 U.S.C. § 1692(e) (West 2011). Section 1692k provides consumers with a private cause of action against debt collectors. "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.,* 629 F.3d 364, 368 (3d Cir.2011).
> The FDCPA is a "remedial statute" that courts construe broadly to effect its

purpose. *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 453 (3d Cir.2006) (citations omitted). Therefore, the courts analyze communications from lenders to debtors that might give rise to an FDCPA claim from the perspective of the "least sophisticated debtor," in order "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 453–54. This standard provides more protection for consumers than a "reasonable debtor" standard. *Id.* at 454 (citing *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir.2000)). "However, while the least sophisticated debtor standard protects naive consumers, 'it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.' " *Id.* (quoting *Quadramed,* 225 F.3d at 354–55).

Under the least sophisticated debtor standard, "it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for plaintiff to demonstrate that the least sophisticated consumer would be confused." *Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 91 (2d Cir.2008); *see also Adams v. Law Offices of Stuckert & Yates,* 926 F.Supp. 521, 527 (E.D.Pa.1996) (Joyner, J.) (discussing least sophisticated debtor standard as "objective"). On the other hand, "[i]f it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it ... the court should reject it without requiring evidence beyond the letter itself." *Taylor v. Cavalry Inv. LLC,* 365 F.3d 572, 574–75 (7th Cir.2004) (citations and internal quotation marks omitted). In the Third Circuit, "whether language in a collection letter contradicts or overshadows the validation notice is a question of law." *Quadramed,* 225 F.3d at 353 n. 2.

2011 WL 4018248, *4-*5.

Based on the pleadings, the Court finds that Defendant MCM has been sufficiently alleged to be a debt collector as defined in the FDCPA, §1692a(6), and that Defendant MCM attempted to collect a personal debt allegedly owed by Plaintiff to Bank One by sending Plaintiff the January 29, 2010 Letter. (Doc. 16, pp. 2-6).

Defendant argues that the January 29, 2010 Letter it sent Plaintiff effectively provided the required §1692e(11) disclosures. (*See* Doc. 24-6). Specifically, Defendant states that Plaintiff was aware that the January 29, 2010 Letter had the required disclosures under §1962e(11) on the reverse

side, and that the front of the letter conspicuously stated "PLEASE SEE THE REVERSE SIDE FOR IMPORTANT INFORMATION." (Doc. 25, p. 5). The reverse side of the January 29, 2010 letter stated "IMPORTANT DISCLOSURE INFORMATION."  Under this statement, in an outlined box, it stated: "This is a communication from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose."  (Doc. 24-6, p. 2).  Defendant contends that the language of the January 29, 2010 Letter comported with the mandated §1692e(11) disclosures.  Thus, Defendant argues that it did not violate §§ 1692d, 1692e or 1692f of the FDCPA.  Defendant also contends that the settlement options detailed in the letter did not contain any ambiguity as to how to accept them, and that even if Plaintiff was confused as he alleges as to whether he was "dealing with a Pennsylvania or California company" it is not material.  (Doc. 25, p. 3).  Defendant further argues that it is entitled to dismissal of Plaintiff's claims regarding the alleged harassing telephone calls since Plaintiff's Amended Complaint lacks the required sufficiency under Rules 12(b)(6) and 12(e). (*Id*.).

Plaintiff argues that Defendant's January 29, 2010 Letter violated §1692e(11) of the FDCPA as follows:

> Defendant's letter clearly and intentionally overshadowed the instruction to "see reverse side for important information" with colorful, bold and misleading "payment options," and appears as though it could be a consumer-oriented credit plan, rather than a communication from a debt collector.  Defendant also unnecessarily and deliberately placed its §1692e(11) notice as the sole text on the back of the letter to mislead unsophisticated consumers about the nature of the correspondence and to lure them to make payments that they would otherwise not make.

(Doc. 28, p. 2).

Plaintiff also states he "**believes** that Defendant made repeated and harassing telephone calls in the course of its collection attempts." (*Id*.)(emphasis added). Plaintiff does not elaborate or specify any calls. Defendant notes that "its last effort to contact Plaintiff by telephone with respect to the subject debt was in December 2008." (Doc. 25, p. 6, n. 1). Thus, Defendant states that insofar as Plaintiff is deemed as raising a claim regarding its telephone calls, such a claim is time-barred.

Regardless of when Defendant made the last telephone call to Plaintiff to try and collect the debt at issue, which is a matter outside the present pleadings, the Court simply agrees with Defendant that ¶ 28 of Plaintiff's Amended Complaint regarding the alleged harassing telephone calls is not sufficient under *Twombly* and *Iqbal* to state a claim under §1692d. *Iqbal*, 129 S.Ct. at 1949. (Doc. 25, pp. 18-20). In *Bridgenorth v. American Education Services*, 412 Fed.Appx. 433, 435 (3d Cir. 2011), the Third Circuit cited to *Iqbal* and stated that "merely reciting an element of a cause of action or making a bare conclusory statement is insufficient to state a claim."

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id*. at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (citing *Twombly,* 550 U.S. at 555); *see also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly,* 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).

*See Sims v. Piazza*, 2009 WL 3147800, *5 (M.D. Pa.)("Legal conclusions without factual support are not entitled to the assumption of truth.")(citation omitted).

Thus, with respect to ¶ 28 of Plaintiff's Amended Complaint and his claim under §1692d, the Court agrees with Defendant (Doc. 25, pp. 18-20) and finds that Plaintiff's pleading does not state a claim and that it is not in conformance with Rule 8. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader. *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted."). As Defendant points out, Plaintiff has failed to state when Defendant's representatives made harassing telephone calls to him and what they allegedly said. In fact, as stated, in his opposition brief, Plaintiff cannot even say with certainty that Defendant made repeated harassing telephone calls to him.

In *Lorandeau*, the Court stated:

> Under the FDCPA, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The statute states six illustrations of abusive behavior, including "[t]he use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person"; "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader"; and "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(1),(2),(5). Summary judgment on a 1692(d) claim "may be appropriate where the specific conduct at issue unequivocally has-or does not have-the natural consequence of harassing, oppressing, or abusing the consumer as a matter of law." *Regan v. Law*

11

> *Offices of Edwin A. Abrahamsen & Associates, P.C.,* Civ. A. No. 08–5923, 2009 WL 4396299, at *6 (E.D.Pa. Dec.1, 2009) (Yohn, J.) (denying summary judgment to plaintiff on claim that defendant made harassing phone calls because the court could not say as a matter of law that communications were harassing, and a material question of fact existed as to the pattern of the calls); *see also Horkey v. J.V.D.B. & Assocs., Inc.,* 333 F.3d 769, 773 (7th Cir.2003) (affirming summary judgment for plaintiff on § 1692d claim where undisputed evidence showed that debt collector had left message for plaintiff containing expletives); *Poulin v. The Thomas Agency,* 760 F.Supp.2d 151, 162 (D.Me.2011) (Singal, J.) (granting summary judgment to debt collector on claim for credit reporting Plaintiff's debt, because as a matter of law this was not harassing, oppressive, or abusive under § 1692d).

2011 WL 4018248, *8.

As Defendant MCM correctly argues, ¶ 28 of Plaintiff's Amended Complaint and his claim under §1692d lacks "any degree of requisite specificity," only avers that undisclosed calls were made by MCM and that the calls, for an unspecified reason, were harassing. (Doc. 25, pp. 19-20). The Court finds, as a matter of law, that ¶ 28 of Plaintiff's Amended Complaint and his claim under §1692d fails to state a plausible claim. In *Shand-Pistilli v. Professional Account Services*, 2010 WL 2978029, *4 (E.D. Pa. 7-26-10), the Court stated that "[w]hether there is actionable harassment or annoyance [under §1692d] turns not only on the volume of calls made, but also on the pattern of calls." (Citations omitted). The Court finds that Plaintiff Gula's averments do not indicate a harassing pattern of telephone class and do not specify how the alleged calls had the natural consequence of harassing, oppressing, or abusing him. Thus, the Court finds that Plaintiff Gula has neither plead a volume of calls were made to him by Defendant MCM nor that Defendant MCM had a pattern of calling him to harass, annoy or abuse him.

Therefore, the Court will grant Defendant's Doc. 24 Motion regarding ¶ 28 of Plaintiff's Amended Complaint and dismiss with prejudice this claim under §1692d regarding repeated harassing

telephone calls Defendant allegedly made to Plaintiff. *See Lorandeau*, 2011 WL 4018248, *9. Since Plaintiff has been already allowed one opportunity to amend his pleading and since Plaintiff is represented by counsel, the Court finds futility and prejudice to Defendant if Plaintiff is permitted to amend his pleading once again.  The Third Circuit has held that a Plaintiff whose Complaint fails to state a cognizable claim is entitled to amend his pleading. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002).  Thus, if a Complaint is subject to dismissal, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility. *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

The Court also agrees with Defendant MCM that it did not violate §1692e of the FDCPA since the January 29, 2010 Letter contained all of the required notifications under §1692e(11).  In *Lorandeau*, the Court stated:

> The FDCPA provides bifurcated disclosure requirements for initial notices and subsequent notices.FN4 Initial communications must disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11). Subsequent communications must disclose that "the communication is from a debt collector." 15 U.S.C. § 1692e(11).
>
> Courts interpreting the FDCPA have found that a communication need not use the exact language of 1692(e)(11) to comply with the statute. For example, in *Emanuel v. Am. Credit Exch.*, 870 F.2d 805 (2d Cir.1989), the plaintiff contended that a communication was deficient for failure to state that "it was a collection letter nor that any information obtained by American Credit would be used to collect the debt, even though the letter "stated that Emanuel's account had been turned over to American Credit 'for immediate collection,' " and "told Emanuel how and where to make payment so as to satisfy the indebtedness." *Id.* at 808. The Second Circuit rejected the plaintiff's argument that the debt collector violated the FDCPA in this regard, because "there simply is no requirement that the letter quote verbatim the language of the statute." *Id.* (reversing the judgment dismissing the plaintiff's FDCPA claim on other grounds). Similarly, in *Volden v. Innovative Financial Systems, Inc.,* 440 F.3d 947

> (8th Cir.2006), the Eighth Circuit found that "[t]hough the letter does not say it is from a debt collector, the fact it says it is sent in an attempt to collect a debt is sufficient for even the unsophisticated consumer to understand that such a letter is necessarily from a 'debt collector.' " *Id.* at 955 (affirming district court's entry of summary judgment for debt collector on FDCPA claim, including alleged violation of § 1692e(11)). *See also Epps v. Etan Indus.,* Civ. A. No. 97 C 8770, 1998 WL 851488, at *9 (N.D.Ill.Dec.1, 1998) (Castillo, J.) (granting summary judgment for debt collector and denying summary judgment for plaintiff on § 1692e(11) claim where "it is abundantly clear that CPA was seeking to collect a debt" and "clearly notifies an unsophisticated consumer that "THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE'...").

2011 WL 4018248, *5 (footnote omitted).

The Court agrees with Defendant MCM that merely because it provided the disclosures required under §1692e(11) on the reverse side of the January 29, 2010 Letter, did not render the Letter in violation of the FDCPA.  The Court agrees entirely with Defendant MCM and the cases on which it relies to support its contention that it is of no moment that it provided the disclosures required under §1692e(11) on the reverse side of the January 29, 2010 Letter.  (Doc. 25, pp. 10-11).  Also, the Court completely disagrees with Plaintiff that Defendant eviscerated or overshadowed its notice to "PLEASE SEE THE REVERSE SIDE FOR IMPORTANT INFORMATION" with screaming headlines, "payments options" and bright colors.  (Doc. 28, pp. 14-16).

As mentioned, the Letter clearly referred Plaintiff to the reverse side and conspicuously stated "PLEASE SEE THE REVERSE SIDE FOR IMPORTANT INFORMATION."   (Doc. 24-6).  As mentioned, the January 29, 2010 Letter also clearly stated on the reverse that:  "This is a communication from a debt collector."  "This is an attempt to collect a debt."  There is no language in the January 29, 2010 Letter which contradicts the disclosure on the rear of the Letter that it is from a debt collector.  The

front of the January 29, 2010 Letter clearly identified the debt Plaintiff owed, the amount and the original creditor, Bank One.  The January 29, 2010 Letter clearly indicated that Plaintiff had three settlement options as well as the corresponding benefits of each option.  The Court agrees with Defendant MCM that neither the colors and fonts used in the January 29, 2010 Letter hindered Plaintiff's ability, as a least sophisticated consumer, of understanding the Letter's direction to see the reverse side for important information.  The Court also finds no merit to Plaintiff's contention that by placing the direction to see the reverse side of the January 29, 2010 Letter at the bottom third of the Letter, constituted concealment of the direction especially, as Defendant points out, since the direction stood out from the other sentences as it was in all capital letters.  In fact, no other sentence on the front page of the January 29, 2010 Letter was in all capital letters.

The Court finds that our case is similar to the *Lorandeau* case in which the "communication from Defendant to Plaintiff explicitly state[d]: "This is an attempt to collect a debt.  Any information obtained will be used for that purpose." 2011 WL 4018248, *7.  Indeed, the January 29, 2010 Letter in our case was even more clear than the April 15, 2010 Letter in the *Lorandeau* case since our Letter specifically used the verbatim phrase that it was from a "debt collector."  (Doc. 24-6).  Thus, January 29, 2010 Letter in our case made it abundantly clear that it was a notice from a debt collector.[3]

Moreover, as Defendant states, despite the fact that the §1692e(11) disclosures were stated on the reverse side of its January 29, 2010 Letter, "Even the least  sophisticated debtor is bound to read

---

[3]The *Lorandeau* case was decided after the parties in our case filed their briefs.  The Court finds that the *Lorandeau* case is directly on point with the instant case, and the Court agrees with the rationale and findings of the *Lorandeau* Court.

15

collection notices in their entirety." Defendant correctly cites to *Campuzano-Burgos v. Midland Credit Management*, 550 F.3d 294, 299 (3d Cir. 2008). As the *Lorandeau* Court very recently stated, "Plaintiff cannot impose liability on Defendant for [his] own willful blindness or failure to read the text [of the January 29, 2010 Letter]." 2011 WL 4018248, *7 (citing *Campuzano-Burgos v. Midland Credit Management*, 550 F.3d 294, 299 (3d Cir. 2008)). The Court must analyze the January 29, 2010 Letter as a whole under the least sophisticate debtor standard. *See Campuzano-Burgos v. Midland Credit Management*, 550 F.3d at 299 (citation omitted).

Thus, Plaintiff Gula simply cannot hold Defendant MCM liable under the FDCPA for his own willful blindness or non-observance to read the reverse side of the January 29, 2010 Letter. *See Campuzano-Burgos v. Midland Credit Management*, 550 F.3d at 299.

Accordingly, the Court finds as a matter of law that Defendant MCM's January 29, 2010 Letter provided Plaintiff with the disclosures required under §1692e(11). As such, the Court will grant Defendant MCM's Motion for Judgment on the Pleadings with respect to all of Plaintiff's alleged violations of §1692e(11). *See Lorandeau*, 2011 WL 4018248, *7.

With respect to Plaintiff's claim under §1692f, the Court agrees with Defendant MCM that "Plaintiff's claim of a Section 1692f violation is deficient because it does not identify any misconduct which is distinguished from Plaintiff 's claims under Sections 1692d and 1692e." (Doc. 25, pp. 20-21). Defendant MCM cites to *Shand-Pistilli v. Professional Account Services*, 2010 WL 2978029 (E.D. Pa. 7-26-10). In *Shand-Pistilli v. Professional Account Services*, 2010 WL 2978029, *6, the Court stated that "[a] Complaint will be deemed deficient under [§1692f] if it 'does not identify any misconduct beyond which Plaintiffs assert violate other provisions of the FDCPA.'"(citations omitted). The Court

agrees with Defendant MCM with respect to Plaintiff Gula's claim under §1692f and it agrees with the Court's finding in the *Shand-Pistilli v. Professional Account Services* case. As in *Shand-Pistilli v. Professional Account Services*, 2010 WL 2978029, *6, the Court finds that Plaintiff Gula's claim under §1692f alleges only conduct of Defendant MCM which violated other provisions of the FDCPA, and that "Plaintiff's failure to allege other conduct that was unfair and unconscionable under section 1692f warrants dismissal of this claim."

> In *Lorandeau*, the Court stated:
>
>> Section 1692f prohibits a debt collector from using any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. One illustration of that provision is: "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). In other words, the debt collector may not tack on additional unauthorized collection fees. *See Seeger v. AFNI, Inc.,* 548 F.3d 1107, 1113 (7th Cir.2008) (affirming summary judgment for plaintiffs where debt collector charged a fee that was not authorized in the agreements between plaintiffs and the assignors of the account).

2011 WL 4018248, *10.

The Court agrees with Defendant MCM that Plaintiff's claim under §1692f is simply redundant of his other claims under the FDCPA. The Court has found, as discussed above, that Plaintiff has failed to state any specific facts which show that he has any independent claims for any FDCPA violation based on Defendant MCM's January 29, 2010 Letter. Defendant MCM, in its January 29, 2010 Letter clearly indicated to whom Plaintiff owed the original debt, BANK ONE, and the current balance of the debt, $1,424.14. Defendant MCM clearly provided Plaintiff with three options to pay the debt and that benefits of each proffered option. The Court finds that Plaintiff has not sufficiently alleged any unconscionable conduct that Defendant MCM used to collect the debt. Thus, the Court will grant

Defendant MCM's Motion since it finds that Plaintiff has not stated any viable claim under §1692f. See *Lorandeau*, 2011 WL 4018248, *11.

Finally, the Court agrees with Defendant MCM that Plaintiff has not stated a claim that it was otherwise deceptive and failed to comply with the FDCPA. (Doc. 25, pp. 21-22). As stated above, in ¶ 34 g. of his Amended Complaint, Plaintiff alleges that "Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA." (Doc. 16, p. 9). Defendant correctly points out that Plaintiff fails to offer "any factual basis for violative conduct" and that Plaintiff "provides mere labels and conclusions in lieu of any facts." (Doc. 25, p. 22). As discussed above, under *Twombly* and I*qbal*, allegations like our Plaintiff makes in ¶ 34 g. of his Amended Complaint to support his claims of FDCPA violations against Defendant MCM are insufficient. The Court again concurs with Defendant and finds that Plaintiff has not sufficiently alleged any unconscionable conduct that Defendant MCM used to collect the debt. The Court finds that Plaintiff has not sufficiently plead that the conduct of Defendant MCM with respect to its attempt to collect the Bank One debt was false, deceptive or misleading and in violation of §1692e. *Id*.

Accordingly, the Court shall grant Defendant MCM's Motion for Judgment on the Pleadings **(Doc. 24)** with respect to all of Plaintiff's claims in his Amended Complaint under the FDCPA, and shall enter Judgment in favor of Defendant MCM and against Plaintiff Gula.

An appropriate Order and Judgment will issue.

                                       **s/ Thomas M. Blewitt**
                                       **THOMAS M. BLEWITT**
                                       **United States Magistrate Judge**

**Dated: February 1, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES GULA | : | CIVIL ACTION NO. **3:CV-10-2241** |
| | : | |
| | : | Magistrate Judge Blewitt |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| MIDLAND CREDIT MANAGEMENT, INC., | : | |
| | : | |
| Defendant | : | |

### ORDER AND JUDGMENT

**AND NOW,** this **1st** day of **February, 2012**, **IT IS HEREBY ORDERED THAT:**

1. The Motion for Judgment on the Pleadings **(Doc. 24)** of Defendant MCM is **GRANTED** with respect to all of Plaintiff's claims in his Amended Complaint **(Doc. 16)** under the FDCPA.

2. Judgment is entered in favor of Defendant MCM and against Plaintiff Gula with respect to all of Plaintiff's claims under the FDCPA raised in his Amended Complaint (Doc. 16).

3. The Clerk of Court is directed to close this case.

                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: February 1, 2012**